UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAZERIAH JONES,<br><br>        Plaintiff,<br><br>v.<br><br>POLK, et al.,<br><br>        Defendants. | Case No.: 2:25-cv-00103-APG-NJK<br><br>**ORDER**<br><br>(Docket No. 1) |

On January 15, 2025, *pro se* plaintiff Lazeriah Jones, an inmate in the custody of the Nevada Department of Corrections, submitted documents titled "Clark County, Nevada Family Court Cover Sheet," "Confidential Protection Order Information," and "Application for Protection Against Domestic Violence." Docket No. 1-1. Plaintiff's initiating documents do not constitute a complaint. Additionally, Plaintiff's application to proceed *in forma pauperis* is incomplete because it fails to include a financial certificate and an inmate trust fund account statement for the previous six-month period. The Court will grant Plaintiff an extension of time to file a signed complaint and either pay the full filing fee or apply for pauper status. Alternatively, if Plaintiff initiated this action in error, then she may file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing this lawsuit without prejudice.

**I.      DISCUSSION**

      **A.      Plaintiff must file a signed complaint.**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. The complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

1   Plaintiff's initiating documents do not contain substantially all the information called for
2   by the Court's form and thus do not constitute a complaint.  Plaintiff's documents appear to be
3   state family-court forms for victims of domestic violence to seek a protective order from their
4   abusers.  Docket No. 1-1.  Plaintiff is cautioned that she cannot seek relief from the state court in
5   this federal action and this federal court will not file her documents with the state court.

6   Plaintiff's initiating documents recount an incident that allegedly happened at Florence
7   McClure Women's Correctional Center (FMWCC) on November 25, 2024, in which officer Polk
8   "threatened to shoot [Plaintiff] in the face and bury [her] next to her dead baby."  Docket No. 1-1
9   at 6.  The documents further allege that, after Plaintiff was restrained in handcuffs, Polk struck
10  Plaintiff on her face and body and that corrections officer Bilal was present during the incident.
11  *Id.*  Notably, Plaintiff's initiating documents state that she is pursuing claims about the November
12  25th incident in an earlier filed civil-rights action that is styled *Jones v. Polk*, 2:24-cv-02354-JAD-
13  NJK.  *See id.* at 11.

14  "Plaintiffs generally have 'no right to maintain two separate actions involving the same
15  subject matter at the same time in the same court and against the same defendant.'"  *Adams v. Cal.*
16  *Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor*
17  *v. Sturgell*, 553 U.S. 880, 904 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir.
18  1977)).  District courts have "discretion to dismiss a duplicative later-filed action, to stay that
19  action pending resolution of the previously filed action, to enjoin the parties from proceeding with
20  it, or to consolidate both actions."  *Id.*  In determining whether litigation is duplicative, courts
21  generally "examine whether the causes of action and relief sought, as well as the parties or privies
22  to the action, are the same."  *Id.* at 689.  Additionally, duplicative litigation by a plaintiff
23  proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e).  *See Cato*
24  *v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (collecting cases).

25  If Plaintiff wishes to proceed with this lawsuit, then she must file a signed complaint that
26  is on—or contains substantially all the information called for by—the Court's "Civil Rights
27  Complaint by an Inmate" form.  Plaintiff is cautioned that this lawsuit may be dismissed as
28

2

malicious and constitute a strike under the Prison Litigation Reform Act if it is found to duplicate her earlier-filed Case No. 2:24-cv-02354-JAD-NJK. Alternatively, if this action was filed in error, then Plaintiff may file a notice under Rule 41 voluntarily dismissing this lawsuit without prejudice.

**B.    Plaintiff must either pay the filing fee or apply for pauper status.**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1), (2); LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

**II.    CONCLUSION**

Accordingly, for the reasons stated above,

IT IS ORDERED that, no later than **April 28, 2025**, Plaintiff must submit a signed complaint to this Court.

IT IS FURTHER ORDERED that Plaintiff's incomplete application to proceed *in forma pauperis* is denied without prejudice. Docket No. 1.

IT IS FURTHER ORDERED that, no later than **April 28, 2025**, Plaintiff must either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a

completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

IT IS FURTHER ORDERED that, if this action was filed in error, then Plaintiff may file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing this lawsuit without prejudice.

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complaint and either pay the required filing fee or file a complete application to proceed *in forma pauperis*.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff Lazeriah Jones the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

IT IS SO ORDERED.

DATED: February 24, 2025.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE