# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Lazeriah Jones,

     Plaintiff

v.

Polk, et al.,

     Defendants

Case No.:  2:25-cv-00103-APG-NJK

**Order**

State prisoner Lazeriah Jones initiated this civil action by submitting documents titled "Clark County, Nevada Family Court Cover Sheet," "Confidential Protection Order Information," and "Application for Protection Against Domestic Violence." ECF No. 1-1.  None of those documents are a complaint, and the plaintiff failed to either pay the full $405 filing fee or file a complete application to proceed in forma pauperis on the court's approved form.  So on February 24, 2025, the magistrate judge ordered the plaintiff to file a signed complaint and either pay the filing fee or file a complete in forma pauperis application by April 28, 2025. ECF No. 3.

The plaintiff timely filed an in forma pauperis application followed by a letter stating that she arranged for prison officials to pay the court $405 for this civil action and her other lawsuit, which is styled *Jones v. Polk*, Case No. 2:24-cv-02354-JAD-NJK. ECF No. 5.  But the plaintiff did not file a complaint in this action.  And the Clerk of Court applied the plaintiff's payment to her other lawsuit. *Polk*, Case No. 2:24-cv-02354-JAD-NJK at ECF No. 7.  It appears the plaintiff is pursuing in *Polk* claims that she might have brought in this action. *Compare* ECF No. 1-1 at 6 (state court forms detailing an altercation that happened between the plaintiff and corrections

officer Polk on November 25, 2024), *with Polk*, Case No. 2:24-cv-02354-JAD-NJK at ECF

No. 1-1 (complaint on this court's approved form based on the same factual allegations).

**I.    Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of

that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

*Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

dismiss an action based on a party's failure to obey a court order or comply with local rules. *See*

*Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply

with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S.*

*Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

order).  In determining whether to dismiss an action on one of these grounds, I must consider:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

*Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*,

833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the

court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The

third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th

Cir. 1976).  The fourth factor—the public policy favoring disposition of cases on their merits—is

greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless the plaintiff files a complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Moreover, it appears the plaintiff filed an earlier lawsuit about the same factual allegations that is still pending with the filing fee paid and a complaint in line for screening. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), (cleaned up) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.      Conclusion**

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.  I THEREFORE ORDER that this action is dismissed without prejudice based on Lazeriah Jones's failure to file a complaint in compliance with the court's February 24, 2025, order.  The Clerk of Court is directed to enter judgment accordingly and close this case.  No other documents may be filed in this now-closed case.  If Lazeriah Jones wishes to pursue claims that do not duplicate claims she's pursuing in other lawsuits, then she must file a complaint in a new case and address the matter of the filing fee.

I FURTHER ORDER that Lazeriah Jones's application to proceed in forma pauperis (ECF No. 4) is denied as moot.  This means she will not be assessed the filing fee for this action.

Dated: May 16, 2025

_____
Andrew P. Gordon
Chief United States District Judge